IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JENNIE ADKINS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 3:17cv00141-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Jennie Adkins, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff was fifty-seven years old at the time of the administrative hearing. (Tr. 73.) She testified she attended college and earned an associate's degree. (*Id*.) She has past relevant work as a utilities teller, secretary, volunteer services supervisor, and appliance repairer. (Tr. 35.)

The Administrative Law Judge[1] (ALJ) found Ms. Adkins had not engaged in substantial gainful activity since September 9, 2013 - her alleged onset date. (Tr. 25.) She has "severe" impairments in the form of "degenerative disc disease, spondylosis, arthritis, chronic obstructive pulmonary disease ("COPD")/asthma, obesity and diabetes, type II." (*Id.*) The ALJ further found Ms. Adkins did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 28-29.)

The ALJ determined Ms. Adkins had the residual functional capacity to perform a reduced range of sedentary work given her mental and physical limitations. (Tr. 29.) The ALJ determined Ms. Adkins could no longer perform her past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based on the testimony of the vocational expert (Tr. 101-106), the ALJ determined Ms. Adkins could perform the jobs of tube room cashier and check cashier. (Tr. 36.) Accordingly, the ALJ determined Ms. Adkins was not disabled. (*Id*.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council received additional evidence and denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ improperly discounted the opinion of her treating doctor, Samantha Hatfield, M.D. (Doc. No. 15 at 22-33.) Plaintiff specifically points to her September 13, 2016, Medical Source Statement whereby she reported Plaintiff was extremely limited. (Tr. 1484-1485.)

The ALJ considered this evidence and stated:

> The undersigned has taken into consideration that Dr. Hatfield was a treating provider. However, the extent of the limitations are not consistent with the medical evidence. In fact, in September 2016, the claimant was in no acute distress, had normal gait, no joint swelling, normal muscle strength, and normal sensory function. [Tr. 1487-1490.] Further, Dr. Hatfield indicates that chronic congestion and dyspnea were one of the main reasons for disability; however, at a pulmonary consultation in November 2015, the claimant had normal breath sounds, no wheezing, and normal FVC and FEV1 levels. [Tr. 1304-1319.] As such, it appears that these limitations may be based more on the claimant's subjective limitations than the medical evidence. The claimant further testified that she told Dr. Hatfield the amount that she can lift/walk, prior to her filling out the form. For these reasons, this opinion is given little weight.

(Tr. 35.)

Plaintiff correctly argues her treating doctors should generally be given deference. But after closely considering the medical evidence in this case, I find the ALJ could properly discount Dr. Hatfield's opinions.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders

3

> inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Hatfield's conclusions. In reviewing her treatment records (Tr. 455-500, 1237-1266, 1384-1389), I am unable to find support for the extreme limitations outlined in her Medical Source Statement. Treatment records unquestionably show Ms. Adkins has serious ongoing health issues. However, the records do not support limitation to the degree reported by Dr. Hatfield. Moreover, Plaintiff's numerous diagnostic tests fail to support an allegation of such extreme limitation. (Tr. 415, 424, 542, 543-44, 545, 546, 548-51, 835, 837, 839, 842, 915, 917, 1130-31.) Therefore, the ALJ could rightly discount Dr. Hatfield's opinions.

Additionally, Judith Forte, M.D., and Lucy Sauer, M.D., both reviewed Plaintiff's medical records and both concluded Ms. Adkins was capable of performing sedentary work. (Tr. 124-25, 150-51.) The opinions of Drs. Forte and Sauer are consistent with Plaintiff's treatment records and constitute substantial evidence.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Ms. Adkins has failed to meet this burden. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has been diagnosed with serious illnesses,

the treatment records fail to show marked limitation in her ability to perform work related activities at the sedentary exertional level.

Plaintiff has advanced other arguments which I find are without merit. Ms. Adkins's counsel has done an admirable job advocating for Plaintiff. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 10th day of January, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE